ELI CURRENT & HIBLER *v.* O. V. TALBOTT, ET AL.

Partnership—Services Voluntarily Rendered by Partner—Compensation—.
General Rule—Exception.

When there is no agreement between the parties, what either of them
are to receive as compensation for their services, it is a general rule,
that in such cases neither partner will be entitled to any such compen-
sation for services voluntarily rendered by him in the partnership
business, that there are exceptions to this general rule is true, but to
bring a case within any such exceptions, there must be some very
special and particular state of facts.

APPEAL FROM BOURBON CIRCUIT COURT.

January 4, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

The appellants Current and Hibler who are the successors and
entitled to the interest of Thompson in the assets and profits of
the hotel business conducted by the firm composed of Redmon,
Talbott and Thompson, complain that the court below in the settle-
ment of said partnership, erred to their prejudice by allowing
Talbott $2000, and Mrs. Redmon $550 as spcial compensation
for services rendered by each of them in the management and
superintendence of the firm business, and this error this court is
called upon to correct.

There was no agreement between the parties that either of them
were to receive compensation for thir services, however valuable
they might prove to the firm, and it is a general rule, as fixed
as it is just, that in such cases neither partner will be entitled
to any such compensation for services voluntarily rendered by
him in the partnership business, that there are exceptions to this
general rule is true, but to bring a case within any such exception
there must be "some very special and peculiar state of facts,"
*Lee v. Lachbrooke, 8th Dana, 214.* Generally, the circumstances
must warrant the conclusion that the partner claiming the special
compensation had been re-elected by the firm as its agent, and
entrusted with the sole management of its business, as in the case

of *Bradford v. Kimberly, 3rd Johnson, Ch. Reports, 431,* in such cases the law will imply an agreement upon the part of the other partners to pay a reasonable compenssation for the services of their agent, although he was their partner.

There may be other cases in which a portion of the partners so far neglect to perform their duty as to amount to a breach of good faith, and in which the services of the business partner so far exceed in value those of the others that it would be unconscientious to refuse him some compensation at the hands of those who had profited by his devotion to business in spite of their neglect, and bad faith. But even in such cases compensation could only be given upon the idea that there was an implied contract upon the part of the members in default to pay for the extraordinary services rendered.

It does not seem to us that either Talbott or Mrs. Redmon bring themselves within either of these exceptions. Neither of them devoted the whole of their time to the managment of the business of the firm. They both boarded their families at the hotel without accounting in the settlement for their board. The business of the hotel was to a very great degree entrusted to the management of the clerk, bar-keeper steward and house-keeper employed and paid by the firm. And it is also in proof that the books of the livery stable owned by them and in which Thompson had no interest, were kept by the clerk of the hotel. Again no claim was set up by either of them for compensation for their services until after the institution of this suit by the appellants asking for a settlement of the partnership business. Considering all the facts developed by the record, we are inclined to the opinion that the court erred in allowing the claims of Talbott and Mrs. Redmon, and to the extent of the same the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

*Davis, for appellant.*

*Hanson & Hanson, for appellee.*